Filed 10/6/22  In re R.S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re R.S., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>C.C.,<br><br>        Defendant and Appellant. | D080503<br><br>(Super. Ct. No. J518610C) |

APPEAL from an order of the Superior Court of San Diego County, Marissa A. Bejarano, Judge.  Conditionally reversed and remanded with directions.

Landon Villavaso, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia Silva, County Counsel, Emily Harlan, Senior Deputy County Counsel, for Plaintiff and Respondent.

C.C. (Father) appeals from the juvenile court's order terminating his parental rights for his daughter, R.S. Father's sole claim on appeal is that substantial evidence does not support the juvenile court's finding that the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) did not apply. San Diego County Health and Human Services Agency (the Agency) concedes that a limited remand is appropriate to ensure ICWA compliance, and the parties have stipulated to the immediate issuance of remittitur. We accept the Agency's concession, conditionally reverse, and remand for compliance with ICWA.

FACTUAL AND PROCEDURAL BACKGROUND[1]

In August 2019, the Agency initiated this dependency proceeding under Welfare and Institutions Code section 300 subdivision (b)(1)[2] on behalf of R.S. The Agency alleged there was a substantial risk R.S. had suffered or would suffer serious physical harm or illness based on Father's and V.S.'s (Mother's)[3] failure to provide adequate supervision or protection. Specifically, the Agency alleged that Mother was hospitalized for a mental illness, that R.S. had been removed from Mother's care previously in 2018 due to the same mental health concerns, that both Mother and Father had a history of drug abuse, and that Father had violated the Agency's safety plan by leaving R.S. alone in Mother's care.

---

[1]   Because Father's only contention on appeal concerns ICWA, we limit our factual background accordingly.

[2]   All further section references are to the Welfare and Institutions Code unless otherwise indicated.

[3]   Mother is not a party to this appeal, and we discuss her only as needed.

The Agency's August 2021 detention report indicated that, in July 2018 during R.S.'s prior dependency case, the juvenile court there found that ICWA did not apply. The detention report also stated that during the Agency's July 2021 interview of Father, Father had denied any Native American ancestry. In the social worker's notes attached to the detention report, the social worker stated that during a July 8, 2021 interview with Mother, Mother said she had Native American ancestry but denied being registered with a tribe. In contrast, the detention report reflected that at an interview with Mother the same day, Mother had denied any Native American ancestry. The Agency concedes the record on appeal is ambiguous about why Mother changed her response.

The juvenile court's minute order from the August 2021 detention hearing provided that the court had read and considered the Agency's August 2021 detention report and found, "Based on the previously made finding [at R.S.'s prior 2018 dependency proceeding] . . . [ICWA] does not apply to this case."

The Agency's September 13, 2021 jurisdiction/disposition report indicated that during a September 2021 conference with a social worker, Father again denied any Native American ancestry. The report also reflected that the Agency interviewed maternal aunt and maternal grandmother. There is no indication in the record, however, that the Agency ever asked maternal aunt and maternal grandmother about R.S.'s possible Native American ancestry.

In the Agency's later request for judicial notice in support of its motion for denying reunification services, the Agency attached various minute orders entered between 2016 and 2019 from R.S.'s siblings' prior juvenile cases. The minute orders indicated that, in these prior cases, someone claimed Cherokee

3

heritage on behalf of R.S.'s siblings and that the court had ordered the Agency to notify it if one of R.S.'s siblings was eligible for membership with a Cherokee tribe. Because the record does not contain the hearing transcripts corresponding to these minute orders, it is unclear which family members claimed Cherokee ancestry and what ICWA information was discussed at the hearings.

About a month after the Agency's filing, Mother attended a pretrial settlement conference and, through her attorney, denied having Native American ancestry.

At a November 2021 hearing, the court stated, "The court has reviewed the social worker's report dated September 13, 2021, in addition to all the other evidence that has been admitted into evidence today. Based on that finding, the court finds without prejudice that [ICWA] does not apply in this case."

At the April 21, 2022 contested section 366.26 hearing, the court adopted the Agency's recommendations, including a renewed finding that ICWA did not apply. Father appealed from that order, challenging only the court's ICWA finding.

DISCUSSION

Congress enacted ICWA to address concerns regarding the separation of Indian children from their tribes through adoption or foster care placement with non-Indian families. (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Under California law adopted pursuant to ICWA, the juvenile court and Agency have an "affirmative and continuing duty to inquire" whether a child "is or may be an Indian child." (§ 224.2, subd. (a); see *Isaiah W.*, at p. 9.)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a

4

minor and his family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child.  (§ 224.2, subds. (a), (b).)  Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.)  Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052 (*D.S.*).)

A juvenile court finding that ICWA is inapplicable generally implies that the Agency has fulfilled its inquiry duty.  (See *In re Austin J.* (2020) 47 Cal.App.5th 870, 885 (*Austin J.*) [a finding that "ICWA does not apply" implies social workers and court "did not know or have a reason to know the children were Indian children and that social workers had fulfilled their duty of inquiry"].)  We review ICWA findings for substantial evidence, but "where the facts are undisputed, we independently determine whether ICWA's requirements have been satisfied." (*D.S.*, *supra*, 46 Cal.App.5th at p. 1051.)

Father contends substantial evidence does not support the court's finding that ICWA did not apply to R.S.'s juvenile dependency proceeding. He first complains that the court erroneously based its August 2021 ICWA

finding[4] on the previous juvenile court's July 2018 ICWA finding in R.S.'s prior dependency proceeding. We are not persuaded. As the Agency contends, it is not error for a juvenile court to consider prior ICWA findings from a child's or child's siblings' previous dependency cases. (See, e.g., *In re Charles W.* (2021) 66 Cal.App.5th 483, 490 [concluding that substantial evidence supported the court's finding that ICWA did not apply, including evidence that "the court reasonably relied on a prior [ICWA] finding involving the same family"].) Moreover, in determining that ICWA did not apply to R.S.'s case, the juvenile court considered more than the prior 2018 ICWA finding. In its August 20, 2021 minute order, the juvenile court said that it had "considered the report(s) of the Social Worker dated 8/20/2021 . . .," which included the social worker's statement that Mother and Father had both denied any Native American ancestry during interviews on July 8, 2021.

Father also complains that the juvenile court made its ICWA finding without obtaining ICWA-020 Parental Notification of Indian Status forms from Mother and Father, and without directly asking Father at the hearing about R.S.'s possible Native American ancestry. California Rules of Court,

---

4      Father did not appeal from the juvenile court's August 20, 2021 order in which the court made its first ICWA ruling. Rather, he appeals from the April 21, 2022 order terminating his parental rights, which reiterated the court's finding that ICWA did not apply. Ordinarily, "California follows a 'one shot' rule under which, if an order is appealable, appeal must be taken or the right to appellate review is forfeited." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, footnote 8.) Because the duty of inquiry under ICWA is a *continuing* one, however, the one-shot rule does not apply here. (See § 224.2, subd. (a); *Isaiah W.*, *supra*, 1 Cal.5th at p.7.) ["Because ICWA imposes on the juvenile court a continuing duty to inquire whether the child is an Indian child, we hold that the parent may challenge a finding of ICWA's inapplicability in an appeal from the subsequent [termination of parental rights] order, even if she did not raise such a challenge in an appeal from the initial [jurisdictional and dispositional] order."].)

6

rules 5.481(a)(2)(A) and (C) require that at a parent's first appearance in a dependency case, the court must ask the parent if he or she "knows or has reason to know the child is an Indian child" and must order the parent, "if available, to complete a *Parental Notification of Indian Status* (form ICWA-020)." Rule 5.481(a)(3) further provides that if the parent does not appear, "the court must order the [Agency] to use reasonable diligence to find and inform the parent" of the court's order to complete the ICWA-020 form. Here, the court complied with rule 5.481(a)(2)(C) by ordering Mother and Father to complete the ICWA-020 forms. Yet, neither parent ever did. But we agree with Father that the court should have directly asked him at the August 2021 hearing about R.S.'s possible Native American ancestry and that the court should have ordered the Agency to inform Mother, who was not present at the hearing, about the court's order to complete the ICWA-020 form. (See Cal. Rules of Court, rule 5.481(a)(2)(A); *id.* at rule 5.481(a)(3); section 224.2(c).)

Finally, Father contends that the Agency failed to interview Mother, maternal aunt, and maternal grandmother about R.S.'s possible Native American ancestry. Father is mistaken as to Mother. The record reflects that the Agency asked Mother about R.S.'s possible Native American ancestry in July 2021. But as the Agency concedes, the record is unclear about the circumstances surrounding Mother's claim of and same-day denial of Native American ancestry, and this discrepancy requires further investigation and documentation. (See § 224.2, subd. (a); *Isaiah W., supra,* 1 Cal.5th at p. 9 [agency and court have an "affirmative and continuing duty to inquire" whether a child "is or may be an Indian child"]; Cal. Rules of Court, rule 5.481(a)(5) [agency has duty "on an ongoing basis" to report "a detailed

7

description of all inquiries, and further inquiries it has undertaken, and all information received pertaining to the child's Indian status"].)

The Agency also concedes that there were available extended family members, including maternal aunt and maternal grandmother, with whom it should have conducted ICWA inquiries. Because grandmothers and aunts qualify as "extended family members" under ICWA, the Agency's concession is proper. (See 25 U.S.C. § 1903(2); § 224.1, subd. (c).)

For the previous reasons, we conclude substantial evidence does not support the juvenile court's finding that ICWA did not apply. The Agency and Father agree that a limited remand is appropriate to ensure compliance with the inquiry provisions of ICWA and section 224.2. The Agency and Father have also submitted a joint stipulation for issuance of an immediate remittitur pursuant to California Rules of Court, rule 8.272(c)(1). Therefore, we conditionally reverse the order terminating Father's parental rights with a limited remand for the Agency and juvenile court to comply with ICWA and section 224.2.

## DISPOSITION

The juvenile court's order terminating parental rights is conditionally reversed. The matter is remanded to the juvenile court with directions to comply with the inquiry provisions of ICWA and section 224.2 (and, if applicable, the notice provisions under section 224.3). If, after completing its inquiry, neither the Agency nor the juvenile court has reason to believe or reason to know that R.S. is an Indian child, the order terminating parental rights shall be reinstated. If the Agency or the juvenile court has reason to

8

believe or reason to know R.S. is an Indian child, the juvenile court shall proceed accordingly. The remittitur shall issue immediately.

O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


BUCHANAN, J.

9